UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HEIDI JEAN RYDER,                                    No. 15-10578

                        Debtor(s).
——————————————————————/

WILLIAM A. ROBERTSON, III,

                        Plaintiff(s),

            v.                                       A.P. No. 15-1108

WENDY LOU RYDER,

                        Defendant(s).
——————————————————————/

Memorandum of Decision After Trial
————————————

Chapter 13 debtor Heidi Ryder transferred a ½ interest in her real property at 2075 Coombsville Road, Napa, California, to her sister, Wendy Ryder, on July 4, 2014, for no consideration. Heidi filed her Chapter 13 petition on June 4, 2015, and proposed a plan which met all the requirements of law if the transfer of the real property was not avoidable. The court confirmed the plan with the provision that the objecting creditor, plaintiff William Robertson, Heidi's former

1

husband, could pursue avoidance of the transfer with all proceeds going to the Chapter 13 trustee for distribution to creditors. Pursuant to that provision, Robertson has prosecuted this adversary proceeding.

Robertson has pleaded that the transfer is avoidable as either a preference or a fraudulent transfer. Since the court finds that the transfer was for no consideration, there was no preference.

As to the fraudulent transfer claim, Robertson does not allege that the transfer was made with the intent to hinder, delay or defraud anyone, only that the transfer had value and was made without consideration while Heidi was insolvent or the transfer rendered her insolvent. The remaining claim is whether the transfer is avoidable as a fraudulent transfer pursuant to § 548(a)(1)(B) of the Bankruptcy Code. The only real issue is solvency.

The term "solvent" is defined in the Bankruptcy Code at § 101(32)(A). It provides that a person is not solvent if the sum of her debts is greater than all of her non-exempt property, at a fair valuation. Contingent and disputed debts must be included in the calculation. *In re Sierra Steel, Inc.,* 96 B.R. 275, 278 (9th Cir.BAP 1989). However, the term "at a fair valuation" applies to both property and debts. *Merkel v. C.I.R.,* 192 F.3d 844, 851 (9th Cir.1999). An asset or liability must be reduced to its present, or expected, value before a determination can be made whether assets exceed liabilities. *In re Advanced Telecommunications Network, Inc.,* 490 F.3d 1325, 1335 (11th Cir. 2007). A bankruptcy court is free to consider subsequent events in valuing and adjusting assets and determining liabilities for insolvency determinations. *In re Weinberg,* 410 B.R. 19, 33 (9th Cir.BAP 2009). Applying these principles, the disagreements over two disputed debts can be readily resolved.

At the time of the transfer, the property was worth $615,000 and was encumbered by a first deed of trust in the amount of $411,290 and a second of $55,032. Robertson argues that Heidi was rendered insolvent by the transfer because after it she owned only half of the property but still owed the full amount of both loans secured by the deeds of trust. While this may be true according to accounting standards, given the equity in the property and the lack of any foreclosure proceedings it is highly unlikely that Heidi would ever become personally liable for any deficiency. Accordingly, the

2

court declines on grounds of fairness to consider these debts in calculating her solvency, except to determine the value of the equity in the property.

Pursuant to the marital dissolution decree between Heidi and Robertson, he was to receive the state and federal tax refunds expected for the tax year 2012, which totaled $51,877. However, Robertson did not receive those tax refunds because they were instead kept by the taxing authorities to satisfy Heidi's unpaid taxes. While the court agrees with Heidi that no actual debt was created under the decree, the family law court retained jurisdiction over tax matters and would undoubtedly adjust the rights of the parties in light of the unexpected failure of Robertson to receive the refunds. Accordingly, the Robertson claim is fairly considered a debt in calculating Heidi's solvency.

Likewise, a tax debt of $10,665 owed by Heidi for the year 2013 should fairly be treated as a debt at the time of the transfer for purposes of her solvency calculation even though the taxes were assessed seven months after the transfer. A contingent claim existed upon conclusion of the tax year, and subsequent assessment makes it fair to include the debt in the solvency calculation.

Robertson has established that Heidi had other debts totaling $57,336 on the date she transferred the interest in the property toWendy. Heidi's only other non-exempt asset was a credit union account of $11,568.00. Accordingly, on the date of the transfer Heidi had non-exempt equity in the real property of $73,678 ($615,000 - 411,290 - 55,032 - 75,000) and total non-exempt assets of $85,246.00. Against these she had debts of $119,878. Accordingly, she was insolvent when she transferred her interest in her property to Wendy. Moreover, the transfer rendered Heidi insolvent even if Robertson's contingent claim is not counted.

From the evidence presented the court finds that within two years of her Chapter 13 filing Heidi transferred property worth $74,339 to defendant Wendy Ryder for less than equivalent value and while Heidi was insolvent. Accordingly, the transfer is avoidable pursuant to § 548(a)(1)(B) of the Code. Robertson shall accordingly have judgment in that amount against defendant Wendy Ryder, together with interest at the federal legal rate from and after July 4, 2014, and costs of suit. All sums collected shall be paid to the Chapter 13 trustee, or Chapter 7 trustee if the case is converted, for

3

distribution to creditors so long as the bankruptcy is not dismissed.  Provided, however, that any undistributed sums shall be payable to Robertson personally if the bankruptcy is dismissed.  Unless otherwise ordered by this court, dismissal of the bankruptcy shall not reinstate the avoided transfer, nor vacate the judgment in this adversary proceeding.

Counsel for Robertson shall submit an appropriate form of judgment.


Dated:  October 5, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge

4